**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

THOMAS MELZER,

      Plaintiff,

      v.                          Case No.   18-C-1080

PRO LABEL, INC.,

      Defendant.

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CERTIFICATION OF A RULE 23 CLASS AND CERTIFICATION OF A COLLECTIVE ACTION**

Having reviewed the Parties' Joint Motion for Preliminary Approval of a Class and Collective Action Settlement and for Certification for Settlement Purposes and its supporting documents, IT IS HEREBY ORDERED that:

      1.     The Parties' Settlement Agreement and Release of Claims is APPROVED as a fair, reasonable, and adequate resolution of disputed claims under the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws;

      2.     The Parties' request to certify the following class pursuant to FED. R. CIV. P. 23 is GRANTED: All hourly, non-exempt employees who worked for Pro Label, Inc. at any time between July 16, 2016 and August 31, 2018, and who do not timely exclude themselves (each, a "Class Member;" collectively, the "Rule 23 Class");

      3.     The Parties' request to certify the following collective action pursuant to 29 U.S.C. 216(b) is GRANTED: All hourly, non-exempt employees who worked for Pro Label, Inc. at any time between July 16, 2015 and August 31, 2018, and who have timely returned Consent Forms (each, a "Collective Member;" collectively, the "FLSA Collective");

      4.     Thomas Melzer is APPOINTED as Class Representative;

      5.     Walcheske & Luzi, LLC is APPOINTED as Class Counsel pursuant to FED. R. CIV. P. 23(g);

6. The Parties' Notice of Class and Collective Action Settlement ("Notice") and the Opt-In Consent Form ("Consent Form") in the form of Exhibits B and C to the Parties' Brief in Support of Joint Motion for Preliminary Approval of Class and Collective Action Settlement, Certification of a Rule 23 Class and Certification of a Collective Action are APPROVED for distribution to all Class Members and potential Collective Members, and provision of the Notice of Class Action Settlement by mail is APPROVED as valid, due, and sufficient notice to Class Members and potential Collective Members;

7. The Notice constitutes the best notice practicable under the circumstances, including individual notice to all Class Members and potential Collective Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members and potential Collective Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

8. The Administrator under the Settlement Agreement SHALL MAIL the Notice to the Class Members and potential Collective Members within twenty (20) business days of the Court's entry of this Preliminary Approval Order;

9. Any potential Collective Member wishing to participate in the Parties' settlement of FLSA claims as alleged in the Complaint, who has not already done so, SHALL FILE a Consent Form within sixty (60) calendar days of the Administrator mailing the Notice;

10. Any member of the Rule 23 Class who wishes to exclude himself/herself from the the Parties' settlement of Wisconsin state law claims as alleged in the Complaint SHALL EXCLUDE himself/herself per the instructions set forth in the Notice within sixty (60) calendar days of the mailing of the Notice;

11. Any Class Member or potential Collective Member who wishes to object in any way to the proposed Settlement Agreement SHALL FILE AND SERVE such written objections per the instructions set forth in the notice no later than sixty (60) calendar days of the mailing of the Notice, together with copies of all papers in support of his or her position. The Court will not consider objections of any Class Member or Collective Member who has not properly served copies of his or her objections on a timely basis.

12. Any member of the Rule 23 Class who does not exclude himself/herself accordingly SHALL BE BOUND by the Court's Final Order Approving Settlement;

13. The Parties SHALL FILE for a Final Order Approving Settlement within sixty (60) calendar days after the conclusion of the opt-in Period;

14. The Court will conduct a fairness hearing on January 23, 2020 at 1:30 p.m.

15. Class Counsel SHALL FILE a Petition for Approval of Attorneys' Fees and Costs at least twenty-one (21) calendar days prior to the Fairness Hearing, and any supplemental brief in support of final approval of the Agreement or in response to any objections to the application for attorneys' fees must be filed at least seven (7) calendar days before the Fairness Hearing; and

16. This Court SHALL DETERMINE at the Fairness Hearing whether to finally approve the Parties' Settlement Agreement and, if so, in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel.

Dated at Green Bay, Wisconsin, this 6th day of September, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
